UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GLEN THOMPKINS | CIVIL ACTION |
| VERSUS | NUMBER: 20-1388 |
| WARDEN E. DUSTIN BICKHAM, ET AL. | SECTION: "G"(5) |

### REPORT AND RECOMMENDATION

Before the Court is the Rule 12(b)(1) and (6) motion to dismiss of Deputy Warden Keith Bickman, Lieutenant Colonel Darryl Mizell, and Lieutenant Jonathan Stringer (rec. doc. 26), three of the eight Defendants named herein. Plaintiff has filed no response in opposition to Defendants' motion.[1] For the reasons that follow, it is recommended that Defendants' motion be granted, that Plaintiff's claims against all of the Defendants in their official capacity be dismissed without prejudice for lack of jurisdiction, and that Plaintiff's claims against all of the Defendants in their individual capacity be dismissed with prejudice.[2]

Plaintiff is an inmate of the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana. As his statement of claim, Plaintiff first asserts that in December of 2018, he was involved in three "altercations" with three other inmates. Prior to those altercations, Plaintiff indicates that he had written two letters to the "Capt.," "Major," and

---

[1] As Plaintiff has filed no memorandum in response to Defendants' motion, timely or otherwise, the Court may properly assume that he has no opposition to it. *Johnson v. Colvin*, No. 14-CV-0401, 2014 WL 4186790 at *1 n. 1 (E.D. La. Aug. 22, 2014)(citing Local Rule 7.5 and *Bean v. Barnhart*, 473 F.Supp. 2d 739, 741 (E.D. Tex. 2007)); *Jones v. Larpenter*, No. 13-CV-0056, 2013 WL 1947243 at *1 n. 1 (E.D. La. Apr. 12, 2013), *adopted*, 2013 WL 1947188 (E.D. La. May 10, 2013)(same); *Lucas v. Crowe*, No. 11-CV-2752, 2013 WL 870514 at *1 n. 1 (E.D. La. Feb. 15, 2013), *adopted*, 2013 WL 870437 (E.D. La. Mar. 7, 2013)(same). Of course, a motion like the Defendants', even if unopposed, may be granted as long as it has merit. *Braly v. Trail*, 254 F.3d 1082, 2001 WL 564155 at *2 (5th Cir. 2001).

[2] In light of the recommendation being made herein it is ordered that the motion to dismiss of Defendants, Warden E. Dustin Bickham and Lieutenant Colonel Richard Forbes (rec. doc. 32), is dismissed as moot.

"Lt." asking that he be transferred to a different housing unit but received no response. Subsequent to the altercations, Plaintiff told the "Lt." that "someone was wrongfully playing/touching him inappropriately while he was sleeping." (Rec. doc. 1, p. 5).

Plaintiff next alleges that on January 29, 2019, as he was laying in the bunk by his cellmate, he was hit multiple times on the back of his head with a lock. The following day, a hearing was convened before the RCC Disciplinary Board which found him guilty of several fighting-related rules violations despite his urging a defense of self-defense. After serving a sentence of four weeks of cell confinement, Plaintiff states that he was reassigned to the same housing unit where he had been involved in the altercations back in 2018. Despite that reassignment, Plaintiff acknowledges that there was no animosity between himself and the other participants but that it would have been a matter of principle if a further altercation had taken place. After a couple of days in his new housing assignment "Plaintiff felt that someone was still wrongfully touching him inappropriately while he was sleeping." (*Id.*).

Plaintiff goes on to state that in March or April of 2019, he began corresponding with LaFASA (the Louisiana Foundation Against Sexual Assault), an organization that assists inmates who have been the victim of sexual assault. Plaintiff states that he also spoke with a "Lt.," a "Major," and an unidentified woman in the Mental Health Department concerning the problems he was having, with the "Lt." and the "Major" responding by telling him that they would look into the matter, a response that was received with satisfaction by Plaintiff as he was trying to resolve the situation without any further altercations. (*Id.* at p. 6). Those correctional officials were identified as Lieutenant Rick,

Major Crawford or Ford, and Mrs. Gertrude later in Plaintiff's complaint. (Rec. doc. 1, p. 9).[3]/

Next, Plaintiff relates that in June of 2019, he "… was placed back on the cellblock for really playing chess in another dorm but … [he] and a Lt. had words." (*Id.*). After being placed in handcuffs, Plaintiff indicates that "the Lt." bent his wrist in an upward position and "… walk[ed] up on the Plaintiff pressing his groin against the Plaintiff[']s butt," following which he proceeded to escort Plaintiff to another unit while simultaneously holding on to the handcuffs and putting his hand against Plaintiff's backside over a distance of some 80 yards. In his grievance about that occurrence made through RCC's Administrative Remedy Procedure ("ARP"), Plaintiff states that "the Lt." admitted to using his hands throughout the course of the escort "… which makes the Lt. committing a form of homosexual act against the Plaintiff." (*Id.*).

On an entirely unrelated topic, Plaintiff complains that he has written multiple requests in an attempt to get items from the laundry and has been without a large towel but has tried to make due with a half of a large towel reduced to the size of a small towel. Plaintiff also complains that he was without socks from February 1, 2020 until March 17, 2020, even making a court appearance without the benefit of such foot coverings. Finally, Plaintiff states that on an unspecified date an unidentified administrative segregation "Lt." deployed a chemical agent to the point where the whole tier was affected even though none

---

[3]/ The Court has since allowed Plaintiff to substitute Lieutenant Jason Smith for Lieutenant Rick (rec. doc. 29) and to substitute Major Richard Forbes for Major Ford. (Rec. doc. 24).

of the inmates had provoked the incident. (*Id.* at pp. 6-7). For the foregoing occurrences, Plaintiff seeks $500,000.00 in compensatory damages.[4/]

The three moving Defendants now seek the dismissal of Plaintiff's §1983 claims against them, asserting, *inter alia*, Eleventh Amendment immunity from any official-capacity claims, the insufficiency of Plaintiff's allegations against them in their individual capacity, and the unavailability of damages for mental or emotional injury suffered as a result of the incident of June of 2019 absent a physical injury or a qualifying sexual act. As noted earlier, Plaintiff has filed no memorandum in opposition to Defendants' motion. Before proceeding to the specifics of the arguments advanced by the Defendants, the Court will discuss the standards governing motions brought under Rule 12(b)(1) and (6).

Federal courts being courts of limited jurisdiction, their power to adjudicate claims exists only when jurisdiction is conferred by statute and the Constitution. *Celestine v. Transwood, Inc.*, 467 Fed.Appx. 317, 318 (5th Cir. 2012)(citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). A federal court may properly dismiss a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Id.* The burden of proof on a Rule 12(b)(1) motion being on the party asserting jurisdiction, the plaintiff is constantly obliged to demonstrate that jurisdiction does in fact exist. *Id.*

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for the dismissal of a claim if the plaintiff fails to plead factual allegations in support of his claim that would entitle him to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also*

---

[4/] In his prayer for relief, Plaintiff advances the additional allegation that he was involved in yet another altercation on September 21, 2019, which apparently resulted in his arrest on criminal charges but was not brought before a judge within 72 hours, contrary to the guidelines of the arresting agency. (Rec. doc. 1, p. 8).

4

*Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). Those "'[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009), *cert. denied*, 559 U.S. 936 (2010)(quoting *Twombly*, 550 U.S. at 555). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the non-moving party, *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009), but the Court need not accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

While a complaint need not contain detailed factual allegations, it does demand more than an unadorned "the-defendant-unlawfully-harmed-me" accusation. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* at 677 (citing *Twombly,* 550 U.S. at 555). Of particular importance in a civil rights case like this one is pleading the essential element of personal involvement. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). "To state a cause of action under §1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, *specifying the personal involvement of each defendant.*" *Jolly v. Klein*, 923 F.Supp. 931, 943 (S.D. Tex. 1996)(emphasis added)(citing *Murphy v. Kellar* 950 F.2d 290, 292 (5th Cir. 1992)). "Determining whether a complaint states a plausible claim for relief …

will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

Defendants first argue that Plaintiff's §1983 claims against them in their official capacity are barred by the Eleventh Amendment. Defendants' argument is well-founded, as it is axiomatic that the Eleventh Amendment bars citizens' suits in federal court against states, their political subdivisions, and state officials acting in their official capacity. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313-34 (5th Cir. 1999)(citing *Voisin's Oyster House v. Guidry*, 799 F.2d 183, 185 (5th Cir. 1986)).[5] Because sovereign immunity deprives a court of jurisdiction, the claims so barred are appropriately dismissed without prejudice. *Warnock v. Pecos County Texas*, 88 F.3d 341, 343 (5th Cir. 1996); *Kervin v. City of New Orleans*, No. 06-CV-3231, 2006 WL 2849861 at *2-4 (E.D. La. Sept. 28, 2006). Eleventh Amendment immunity is also equally applicable to the official capacity §1983 claims against the other five non-moving Defendants, all of whom are state employees working at RCC, a prison operated by the Louisiana Department of Public Safety and Corrections. *See Stewart v. Warner*, No. 13-CV-4759, 2014 WL 3498165 at *3 (E.D. La. Jul. 15, 2014).[6] In light of these authorities, it will be recommended that Plaintiff's §1983 claims against all eight of the Defendants in their official capacity be dismissed without prejudice for lack of jurisdiction.

Turning to Plaintiff's §1983 claims against the moving Defendants in their individual capacity, the Court recalls the well-established principle that "[p]laintiffs suing

---

[5]/ In addition, neither states, state departments, nor state officials acting in their official capacity are considered to be "persons" within the meaning of §1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989); *Anderson v. Phelps*, 655 F.Supp. 560, 563-64 (M.D. La. 1985).

[6]/ Because Plaintiff is proceeding *in forma pauperis* in this matter (rec. doc. 8), the Court is empowered, indeed mandated, to screen his complaint and to raise obvious defenses that are available to the Defendants. 28 U.S.C. §1915(e), 28 U.S.C. §1915A, 42 U.S.C. §1997e.

6

governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." *Id.* at *1 (quoting *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)). As noted earlier, personal involvement is an essential element of a civil rights cause of action, *Thompson*, 709 F.3d 382, and the doctrine of *respondeat superior* is simply not a concept that is applicable to §1983 proceedings. *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir.), *cert. denied*, 471 U.S. 1126 (1985); *Lozano v. Smith*, 719 F.2d 756, 768 (5th Cir. 1983). It is incumbent upon the plaintiff to specifically illustrate each of the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986); *Jolly*, 923 F.Supp. at 943.

In analyzing Plaintiff's allegations against the Defendants in their individual capacity the Court initially notes that his statement of claim refers to none of the Defendants by name, only by their rank (*i.e.*, the "Capt.," "Major," and "a" or "the Lt."). Only later in his complaint does Plaintiff identify by name Lieutenant Rick, Major Crawford or Ford, and Mrs. Gertrude of the Mental Health Department as those correctional officials with whom he spoke regarding his concerns over alleged inappropriate touching. Absent allegations that specifically discuss the involvement of each of the Defendants, the Court is unable to consider individually the actions of each Defendant as it is required to do. *Meadours v. Ermel*, 438 F.3d 417, 421-22 (5th Cir. 2007). What is clear is that nowhere in Plaintiff's statement of claim does he specifically identify by name or even by rank Warden Bickman, Assistant Warden Kelly, or Lieutenant Colonel Mizell, all of whom are supervisory officials

at RCC.[7] As was noted earlier, however, such supervisory officials cannot be held liable for civil rights violations allegedly committed by their subordinates based on a theory of strict or vicarious liability. *Harvey*, 754 F.2d at 572. The allegations set forth by Plaintiff in his complaint simply fail to provide the required level of illumination describing precisely how each of the named Defendants allegedly violated his constitutional rights, absent which there is no valid basis upon which to hold them liable in their individual capacity. *Allen v. Gusman*, No. 05-CV-1633, 2006 WL 286007 at *3 n. 8 (E.D. La. Feb. 2, 2006)(citing *Thompson*, 709 F.2d at 382).

The Court pauses to discuss separately the sufficiency of Plaintiff's allegations against Defendant, Lieutenant Stringer. Just like the other Defendants, Stringer was not specifically identified by name in Plaintiff's statement of claim but based upon a review of the attachments to his complaint it does appear that Stringer was involved in the incident complained of by Plaintiff in June of 2019. (Rec. doc. 1-1, p. 7). Defendant concedes as much in his moving papers. (Rec. doc. 26-1, pp 10-12). As respects that incident, not every malevolent touch by a prison guard gives rise to a federal civil rights cause of action. *Hudson v. McMillan*, 503 U.S. 1, 9 (1992). The Eighth Amendment also does not protect against the "de minimis" use of physical force so long as the use of force not of a sort that is "repugnant to the conscience of mankind." *Id.* at 9-10. "While violent sexual assaults involving more than *de minimis* force are actionable under the Eighth Amendment, isolated, unwanted touchings by prison employees, though 'despicable and, if true, may potentially

---

[7] At best, Deputy Warden Bickham's involvement appears to be limited to passing upon some of the ARP grievances that Plaintiff pursued at RCC. (Rec. doc. 1-1, p. 1, 2, 4, 10). Inasmuch as inmates like Plaintiff have no constitutional right to an adequate and effective grievance procedure or to have their complaints investigated and resolved to their satisfaction, no constitutional violation is apparent. *Propes v. Mays*, 169 Fed.Appx. 183, 184-85 (5th Cir. 2006), *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *Tyson v. Tanner*, No. 08-CV-4599, 2009 WL 2883056 at *5 (E.D. La. Aug. 25, 2009).

be the basis of state tort actions … they do not involve a harm of federal constitutional proportions as defined by the Supreme Court.'" *Copeland v. Nunan*, 250 F.3d 743, 2001 WL 274738 at *3 (5th Cir. 2001)(internal citation omitted)(quoting *Boddie v. Schneider*, 105 F.3d 857, 860-61 (2nd Cir. 1997)(female guard sexually brushed against inmate on multiple occasions)). In *Copeland*, the Fifth Circuit found a prison pharmacist's fondling of a prisoner's penis on three separate occasions as well as his anus on one of the occasions failed to rise to the level of a constitutional violation where the prisoner suffered no physical and no more than *de minimis* psychological injuries *Id.* at *3. The same result was reached in other Fifth Circuit cases. *Pryer v. Walker*, 385 Fed.Appx. 417, 418 (5th Cir. 2010)(female guard's rubbing of male inmate's chest); *Allen v. Johnson*, 66 Fed.Appx. 525, 2003 WL 21017401 at *1 (5th Cir. 2003)(touching prisoner in a sexual manner during routine pat-down searches). In light of these authorities, and as the conduct attributed to Lieutenant Stringer by Plaintiff does not rise to this level, the Court finds that Plaintiff's complaint fails to state a claim upon which granted as to Lieutenant Stringer in his individual capacity. That failure also underscores the inviability of the sole relief requested by Plaintiff in this matter – compensatory damages. Title 42 U.S.C. §1997e(e) provides that:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

Title 18 U.S.C. §2246(2), in turn, defines a "sexual act" for purposes of avoiding the proscription against an award compensatory damages as provided for in §1997e(e) as:

> (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
> (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
> (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
> (D) the intentional touching; not through the clothing, or the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;

None of the conduct attributed to Lieutenant Stringer by Plaintiff constitutes a "sexual act" as by defined by §2246(2). Absent a showing of physical injury, Plaintiff's request for compensatory damages is simply not tenable here. Indeed, the absence of an allegation of physical injury is fatal to Plaintiff's request for damages with respect to the other alleged unconstitutional conditions of confinement complained of, including the lack of socks. *Tunson v. Louisiana Dept. of Corrections*, No. 08-CV-0508, 2008 WL 4274428 at *2 (M.D. La. Sep. 17, 2008).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Defendants' motion be granted, that Plaintiff's claims against all of the Defendants in their official capacity be dismissed without prejudice for lack of jurisdiction, and that Plaintiff's claims against all of the Defendants in their individual capacity be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed. R. Civ. P., 28 U.S.C. §1915(e)(2)(B)(ii), 28 U.S.C. §1915A(b)(1), and 42 U.S.C. §1997e(c)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[8]

New Orleans, Louisiana, this 26th day of October, 2020.

                MICHAEL B. NORTH
           UNITED STATES MAGISTRATE JUDGE

---

[8] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.